**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| DAVID LEE COOPER, <br> (SPN #00506527) <br><br> Plaintiff, <br><br> vs. <br><br> B. FOLTZ, *et al.,* <br><br> Defendants. | § § § § § § § § § § § | CIVIL ACTION H-05-2216 |

**MEMORANDUM AND OPINION**

David Lee Cooper, an inmate of the Harris County Jail ("HCJ"), filed this suit in June 2005, alleging that he had been falsely arrested, in violation of his civil rights. Cooper, proceeding *pro se* and *in forma pauperis*, sued two officers at the Houston Police Department, B. Foltz and John Doe. This court concludes that this civil action must be stayed pending completion of the state criminal proceedings. The reasons for this ruling are explained below.

**I.     Plaintiff's Allegations**

In his complaint, Cooper alleges that on May 4, 2005, police officers came to his home and knocked at the door. Cooper identified himself and provided his driver's license to Officer Foltz. Another officer identified only as "Officer Doe" began interrogating Cooper. Officer Foltz conducted a warrantless search of Cooper's truck and seized a pair of eyeglasses. Officer Foltz placed Cooper in the back of the patrol vehicle and drove to a

service station. Officer Doe arrived in a different patrol vehicle with a white female passenger. Officer Doe parked his vehicle behind Officer Foltz's car, and a third vehicle parked in front.

Officer Foltz took the eyeglasses and showed them to the female passenger in Officer Doe's vehicle. Officer Foltz turned on the bright overhead lights in his vehicle and allowed the woman to observe Cooper. Cooper heard the woman say that he was not the right person, but Officer Foltz nevertheless transported him to the HCJ. Cooper was told that he was arrested for attempted kidnaping and has been detained in the HCJ since May 4, 2005.

Cooper asserts that Officer Foltz had no warrant or probable cause to search his truck, to arrest him, or to conduct a lineup. Cooper seeks $200,000 in compensatory damages and $200,000 in punitive damages.

## II.    Standard of Review

Under 28 U.S.C. § 1915A, federal courts are authorized to review, before docketing, if feasible, or in any event as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. The court is to dismiss any portion of the complaint that is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A governs this suit by a prisoner against a prison official.

A complaint is frivolous if it lacks an arguable basis in law or fact. *See Denton v. Hernandez,* 504 U.S. 25, 31 (1992); *Richardson v. Spurlock,* 260 F.3d 495, 498 (5th Cir.

2001) (citing *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997)). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998) (quoting *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997)).

**III.   Analysis**

Cooper seeks monetary damages from the defendants for the allegedly false arrest and illegal detention. Cooper has been charged in state court with attempted kidnaping. Cooper alleges that these charges are pending and this court has learned through telephone inquiries that the criminal case against him is in the 177th Judicial District Court of Harris County, Texas. (Cause Number 1025764).

Cooper's allegations in this case would, if true, necessarily implicate the validity of the criminal charges pending against him and any potential conviction. The circuit has held that when a defendant faces pending criminal charges that are the basis of damages claims under section 1983, the federal district court should stay proceedings in the section 1983 case until the pending criminal case has run its course. *Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995); *Brown v. Taylor*, 139 Fed. Appx. 613 (5th Cir. 2005). Cooper's state criminal case remains pending. This court stays this civil case until the state criminal proceedings are completed. This case is administratively closed pending the outcome of the state criminal case. If Cooper wishes to pursue his claim, he must file a motion to reopen within 30 days after the criminal case is decided.

## IV.     Conclusion

This action filed by David Lee Cooper (SPN Inmate #00506527) is premature. This case is stayed and closed for administrative purposes until further notice. The plaintiff must file a "Motion to Reinstate" this case, if appropriate, within thirty days from the date that the state court criminal case for attempted kidnaping is completed.

Cooper's motion for service of process, (Docket Entry No. 5), is denied without prejudice to reconsideration upon reinstatement of this civil action. Cooper's motion for disposition of motion for service of process, (Docket Entry No. 10), is denied as moot. Any remaining pending motions are denied as moot.

SIGNED on January 25, 2006, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge